## For UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE ENRIQUE CASTILLO CHAIDEZ   :
                     Plaintiff

     v.                          :

CARL HEMPHILL, KAH TRANSPORTES,  :     Civil Action No. 18 – 1837
LLC, MARIANA HEMPHILL, THREE
SEASONS LANDSCAPE CONTRACTING  :
SERVICES, INC, MJC LABOR
SOLUTIONS, LLC, MJC, L.P., DELCO     :
MULCH AND SUPPLY, LLC and
OVERBROOK PARK HOLDING CO., LTD.  :
                    Defendants

## ANSWER AND NEW MATTER TO COMPLAINT

### NATURE OF ACTION

1. Admitted in part and denied in part. It is admitted that Plaintiff brings this action against the Defendants on all of the grounds stated, but it is denied that Defendants are liable to Plaintiff on any of these grounds.

2. Admitted in part and denied in part. It is admitted that Mr. Castillo was recruited by KAH Transportes to work as a truck driver, but Defendants lack sufficient information to admit or deny what debts may have been incurred by Mr. Castillo, and this allegation is therefore denied. Furthermore, Defendants specifically deny that they delayed his entry into the United States, but rather assert that he was unable to come immediately, due to his own personal issues. Defendants likewise specifically deny that they prohibited him from working in Mexico.

3. Admitted in part and denied in part.  It is specifically denied that Defendants confiscated Mr. Castillo's passport. It is admitted that Defendants offered Mr. Castillo the option and choice of Employer-provided housing, for a reasonable rental fee, which housing Mr. Castillo accepted, but it is specifically denied that the premises were filthy, overcrowded and vermin-infested.  Furthermore, it is specifically denied that the Plaintiff was ever required, or even permitted to perform manual labor outside the scope of his contract, to perform labor for other employers, or to perform hours of work for which he was not paid.

4. Admitted in part and denied in part.  While one or more Defendants may have reminded Mr. Castillo of his contractual obligation to fulfill his work commitment, no Defendant ever told Mr. Castillo that he could not leave to return to Mexico.  No Defendant ever threatened Mr. Castillo with cancelation of his visa, or exclusion from the H-2B temporary visa program, although one or more Defendants may have informed Mr. Castillo that if he did violate his contract, they would not again recruit him to work under the H-2B program in future years.  No Defendant ever threatened Mr. Castillo with arrest, or with his ineligibility to work as a long haul driver in Mexico.  Defendants lack sufficient information to admit or deny that Mr. Castillo contacted the National Human Trafficking Hotline for help, so this allegation is accordingly denied.

5. Admitted in part and denied in part.  It is admitted that, when Mr.
   Castillo came to pick up his last check, Defendant Carl Hemphill did call
   the local police department, but it is denied that his police report was
   fraudulent.  On the contrary, Defendants assert that Mr. Hemphill called
   the local police only after the Plaintiff made terroristic threats, and
   refused to leave the property after being ordered to do so by Mr. Hemphill
   It is admitted that Mr. Castillo was arrested, but Defendants lack
   sufficient information to admit or deny that the Plaintiff spent three
   nights in county jail.  Defendants also specifically deny that the Plaintiff
   *had to* complete a deferred prosecution program, known in Delaware
   County as ARD [Accelerated Rehabilitative Disposition], because
   Defendants are aware that ARD programs are *voluntarily entered into* by
   the mutual agreement of defense and prosecution, with the approval of
   the Court.

6. Admitted in part and denied in part.  It is admitted that Plaintiff brings
   this civil action for the reasons he has stated, but Defendants specifically
   deny their liability on any and all of the Counts filed by Plaintiff.

## JURISDICTION AND VENUE

7. Admitted.

8. Admitted.

9. Admitted.

10.    Admitted.

## PARTIES

### *Plaintiff*

11.     Admitted.

12.     Admitted.

13.     Admitted.

### *Employer Defendants*

14.     Admitted

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted in part and denied in part.   Defendant Carl Hemphill specifically denies that he is the sole, or even partial owner of Three Seasons Landscape Contracting, Inc; rather Defendant Carl Hemphill asserts, and Defendant Mariana Hemphill acknowledges, that she, Mariana Hemphill, is the sole owner of Three Seasons.  It is admitted that Defendant Carl Hemphill is an officer of Three Seasons, and that he and Defendant Mariana Hemphill manage and control the operations of Three Seasons Landscape Contracting, Inc. jointly.

20.     Admitted.

21.     Admitted in part and denied in part.  Defendant MJC Labor
        Solutions is not a staffing agency, but rather is a contractor and agent
        which assists employers who are seeking to recruit workers in navigating
        the H-2B temporary worker visa process.  The rest of the allegations in
        this paragraph, relating to address and company formation are admitted.

22.     Admitted.

23.     Denied as stated.  Defendant Three Seasons is an entirely separate
        and distinct company, owned by Defendant Mariana Hemphill.

24.     Admitted.

25.     Admitted.

26.     Admitted, subject to the qualification that each of these companies
        is a separate and distinct entity.

27.     Admitted in part and denied in part.  It is admitted that Defendant
        [Carl] Hemphill owns KAH, MJC Labor Solutions, LLC and Delco Mulch,
        but it is specifically denied that he owns Three Seasons.

28.     Denied as stated.  Each of the four companies referred to in
        Paragraph 27 of the Complaint, and Defendants' Answer thereto,
        performs a separate and distinct function, as follows:

        a.  KAH Transportes is a trucking company

        b.  Three Seasons Landscape Contracting Services performs
            landscaping work

        c.  MJC Labor Solutions assists with H-2B visa processing and
            miscellaneous non-landscaping jobs.

d. Delco Mulch sells mulch and firewood and repairs machinery

29.     Admitted in part and denied in part.  It is admitted that Defendant
        Carl Hemphill has frequently utilized that H-2B program to bring
        workers from Mexico, Guatemala and El Salvador, to perform various
        services for the companies KAH Transportes, Three Seasons Landscape
        Contracting Services, Inc, MJC Labor Solutions LLC and Delco Mulch,
        listed in Paragraphs 27 and 28 of Plaintiff's Complaint and Defendants'
        Answer thereto, but, in each case, only for the specific types of work each
        company actually performs, or performed at the time.  Defendants
        specifically deny that the H-2B program was used to bring in employees
        for landscaping work by MJC Labor Solutions LLC since 2012.
        Furthermore, Defendants specifically deny that the H-2B program, was
        used by MJC Labor Solutions to bring in workers for construction
        projects, since 2009, or small engine mechanics since 2015

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Denied as stated.  Three Seasons Landscape Contracting Services
        Inc. has never participated in recruiting workers under the H-2B visa
        processing program.

34.     Denied as stated.  KAH Transportes was the sole employer of
        Plaintiff.

35.     This allegation is a conclusion of law which requires no response
from Defendants. However, Defendants specifically deny that there was
any joint employer relationship with Plaintiff, and conversely assert that
KAH Transportes was his sole Employer.

## *Property Defendants*

36.     Admitted.

37.     Denied as stated. Overbrook Park Holding Company is jointly and
equally owned by Defendant Carl Hemphill, and his brother Michael
Hemphill, and it is controlled/operated exclusively by Michael Hemphill.

38.     Denied as stated. Employer Defendants offer the workers the
choice and opportunity to rent housing at the specified addresses, but
employees are not required to do so, and only pay rent if they so choose.
Employer Defendants also deny ownership of 848 N. 63rd St.

39.     Admitted.

40.     Admitted.

41.     Denied as stated. MJC, LP is owned and operated by Defendant
Carl Hemphill and Michael Hemphill.

42.     Denied as stated. New Millennium is operated by Michael
Hemphill and Carl Hemphill.

43.    Admitted in part and denied in part. It is admitted that the Property Defendants acted by and through their agents. More specifically, it is admitted that Overbrook Park Holding Company Ltd. acted through its agent, Michael Hemphill, who is not a Defendant in this litigation, and that MJC, LP acted by and through its agent Defendant Carl Hemphill and Michael Hemphill. It is specifically denied that Defendant Mariana Hemphill ever acted as an agent for either Property Defendant.

44.    Admitted in part and denied in part. It is admitted that Defendant Carl Hemphill and Michael Hemphill acted by and through Property Defendant MJC, LP, but it is denied that Defendant [Carl] Hemphill acted by and through Overbrook Park Holding Company. Michael Hemphill, not a Defendant in this litigation, acted as the sole agent for Overbrook Park Holding.

45.    Admitted, subject to the qualification that all actions taken by Employer Defendants Carl Hemphill, KAH Transportes, and MJC, LP were lawful and proper, and that no other Defendant in this litigation may properly be referred to as an "Employer Defendant", as will be set forth more specifically in New Matter.

46.    Denied as stated that any trafficking or forced labor occurred on the premises, or elsewhere. It is admitted, however, that had such activity occurred on the premises, the property defendants would have been in a position to observe such activity through their agents.

### *Prior Litigation*

47.     Admitted.

48.     Admitted.

# STATEMENT OF FACTS

49.     Admitted.

50.     Admitted.

51.     Admitted.

52.     Admitted.

53.     Admitted.

54.     Admitted.

55.     Admitted.

56.     Admitted.

57.     Admitted.

58.     Admitted.

59.     Admitted.

60.     Admitted.

61.     Admitted.

62.     Admitted.

63.     Admitted.

64.     Admitted.

65.     Admitted.

### *Employer Defendants Recruit Mr. Castillo*

66.  Defendants lack sufficient information to admit or deny this allegation, and it is therefore denied.

67.  Admitted in part and denied in part. It is admitted that Mr. Castillo's native language is Spanish, but Defendants lack sufficient information to admit or deny Plaintiff's lack of proficiency in English, and it is therefore denied.

68.  Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

69.  Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

70.  Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

71.  Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

72.  Admitted.

73.  Admitted.

74.  Defendants lack sufficient information to admit or deny this allegation, and it is therefore denied.

75.  Defendants lack sufficient information to admit or deny this allegation, and it is therefore denied.

76.     Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

77.     Admitted.

78.     Admitted.

79.     Admitted.

80.     Admitted.

81.     Admitted.

82.     Admitted.

83.     Admitted.

84.     Admitted in part and denied in part. It is admitted that Employer Defendants promised Plaintiff full time employment, but no specific number of hours or level of income was promised.

85.     Admitted.

86.     Admitted.

87.     Admitted.

88.     Admitted.

89.     Defendants lack sufficient information to admit or deny this allegation, so it is accordingly denied.

90.     Admitted.

91.     Defendant Carl Hemphill, speaking for himself, KAH Transportes and MJC Labor Solutions LLC, lacks recall as to whether the Plaintiff was provided with a copy of the contract at the time of signing, or whether he was not so provided until the time of his arrival in the United States, so this allegation is accordingly denied. All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is accordingly denied.

92.     Denied as stated. Defendant Carl Hemphill never made such a statement.

93.     Defendant Carl Hemphill, speaking for himself, KAH Transportes and MJC Labor Solutions LLC, lacks recall as to whether he ever made the statement alleged by the Plaintiff, so this allegation is accordingly denied. All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is accordingly denied.

94.     Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

95.     Defendants lack sufficient information to admit or deny this allegation, so it is accordingly denied.

96.     Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

97.     Defendant Carl Hemphill, speaking for himself, KAH Transportes, and MJC Labor Solutions LLC, cannot recall this letter, and will have to search his archives to determine its existence or non-existence, so therefore, it is accordingly denied. All other Defendants lack sufficient information to admit or denied this allegation, so, by them, it is accordingly denied.

98.     Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

99.     Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

100.    Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

101.    Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

102.    Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

103.    Admitted.

104.    Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

105.    Denied as stated. Defendants believe, and therefore aver, that
        both Jaime and the Plaintiff, Mr. Castillo, were not prepared to leave
        Mexico for the United States the next day, because they had personal
        issues to resolve in Mexico.

106.    Defendant Carl Hemphill, speaking for himself, KAH Transportes
        and MJC Labor Solutions LLC cannot recall making such a statement, so
        it is accordingly denied. All other Defendants lack sufficient information
        to admit or deny this allegation, so it is accordingly denied.

107.    Denied as stated. Defendants lack sufficient information to admit
        or deny this allegation, so it is therefore denied.

108.    Denied as stated. Defendants lack sufficient information to admit
        or deny this allegation, so it is therefore denied.

109.    Denied as stated. Defendants lack sufficient information to admit
        or deny this allegation, so it is therefore denied.

110.    Defendant Carl Hemphill, speaking for himself, KAH Transportes
        and MJC Labor Solutions LLC, lacks recall as to how many times the
        Plaintiff may have contacted him during the time period alleged in
        Paragraph 110 of the Plaintiff's Complaint, or whether the contacts were
        by telephone, email or text message, so this allegation is accordingly
        denied. All other Defendants lack sufficient information to admit or deny
        this allegation, so, by them, it is accordingly denied.

111.    Denied as stated. Defendant Carl Hemphill never made such a
        statement.

112.    Denied as stated.  Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied

113.    Denied as stated.  Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

114.    Denied as stated.  Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

115.    Denied as stated.  Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

116.    Denied as stated.  Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

117.    Denied as stated.  Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

118.    Denied as stated.  Defendants were ready, willing and able to bring the Plaintiff to the United States on March 10, 2015, the date of approval of his visa, but Plaintiff was not ready to come until April 19, 2015.

119.    Denied as stated.  Defendants Carl Hemphill, KAH Transportes and MJC Labor Solutions LLC were ready, willing and able to bring the Plaintiff to the United States as soon as his H-2B visa was approved, which would have been on or about March 10, 2015, but Plaintiff, due to personal reasons, was not ready to come to the United States until April 19, 2015.  All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is accordingly denied.

120.    Denied as stated, due to vagueness.  If, by the term "both men",
the Plaintiff means himself and the gentleman named "Jaime", then this
allegation is admitted.

121.    Denied as stated.  Defendants lack sufficient information to admit
or deny this allegation, so it is therefore denied.

122.    Admitted.

123.    Denied as stated.  Defendants lack sufficient information to know
what mental impressions Mr. Castillo may have had at the time of his
arrival at 1720 S. State Road, so this allegation is accordingly denied.

124.    Admitted.

125.    Admitted.

126.    Denied as stated.  Defendants lack sufficient information to know
what level of understanding of the paperwork Mr. Castillo may have had
at the time of signing, and similarly lack sufficient information to know
how much he may recall at this time, so the allegation is accordingly
denied.

127.    Defendant Carl Hemphill does not recall whether Plaintiff
requested a copy of whatever "paperwork" he is referring to, and,  if
Plaintiff did so request, whether a copy of the said "paperwork" was ever
given to him, so this allegation is accordingly denied.  All other
Defendants lack sufficient information to admit or deny this allegation,
so by them, it is accordingly denied.

128.    Defendant Carl Hemphill lacks recall as to whether Defendant
Mariana Hemphill was present at the time alleged, so, by him, this
allegation is accordingly denied.  Defendant Mariana Hemphill lacks
recall regarding this allegation, so it is therefore denied by her.  All other
Defendants lack sufficient information to admit or deny this allegation,
so, by them, it is accordingly denied.

129.    Denied as stated.  Defendant Mariana Hemphill never confiscated
or withheld the passport of either the Plaintiff or Jaime.

### Defendants House Mr. Castillo in Unlawful Conditions

130.    Admitted.

131.    Admitted.

132.    Admitted, subject to the qualification that Overbrook Park Holding
Ltd. is, in turn owned, jointly and equally, by Defendant Carl Hemphill,
and his brother Michael Hemphill, who is not a defendant in this case,
and that it is a three story building.

133.    Admitted in part and denied in part.  The apartment contained two
bedrooms and two bathrooms, but the rest of the description provided by
Plaintiff is admitted.

134.    Denied as stated.  Defendants provided bunk beds, not simply bare
mattresses on the floor.  Furthermore, Defendants provided sofas, chairs,
a kitchen table and a television.

135.    Denied as stated.  The apartment was clean, and there was no unpleasant odor.

136.    Defendant Carl Hemphill lacks recall of the number of men who were sharing the apartment, so this allegation is accordingly denied.

137.    Denied as stated.  Paragraph 137 contradicts paragraph 136.  Paragraph 136 indicates a TOTAL of six men in the apartment, whereas paragraph 137 speaks of the OTHER six men, implying that Mr. Castillo would be the 7th man in the apartment.

138.    Denied as stated.  All of the men had their mattresses on bunk beds.

139.    Denied as stated.  At the time Mr. Castillo moved into the apartment, it was entirely vermin free; there were no rats or bed bugs on the premises.

## *Employer Defendants Change the Promised Terms and Conditions of Employment*

140.    Denied as stated.  Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

141.    Admitted.

142.    Denied as stated.  Defendant Mariana Hemphill never withheld the passports from either the Plaintiff or Jaime.  At most, she may have had them in her possession momentarily, just long enough to photocopy them for the KAH Transportes employee files.

143.    Defendant [Carl] Hemphill lacks recall of having made this statement, so it is accordingly denied. All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is likewise accordingly denied.

144.    Admitted in part and denied in part. It is admitted by Defendant Carl Hemphill that Mr. Castillo and Jaime were directed to remain at Defendant Carl Hemphill's office, although Defendant Carl Hemphill does not remember the exact time they remained there. It is further admitted by Defendant Carl Hemphill that Mr. Castillo and Jaime were shown around the offices, shops and yards. More specifically, it is admitted that Arnaldo picked up Mr. Castillo in a tractor-trailer, and drove him around the area, to orient him to his new routes and duties. But it is specifically denied by Defendant Carl Hemphill that the Plaintiff was ever working in Employer Defendants' yards and offices, and it is emphatically denied by Defendant Carl Hemphill that the Plaintiff picked trash out of yard debris. All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is accordingly denied.

145.    Defendant Carl Hemphill lacks recall on this allegation, and it is accordingly denied. All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is accordingly denied.

146.    Defendant Carl Hemphill lacks recall on this allegation, and it is accordingly denied. All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is accordingly denied.

147.    All Defendants, including Carl Hemphill, lack sufficient
information to admit or deny this allegation, and it is therefore denied.

148.    Denied as stated. Defendant Carl Hemphill denies that he kept the
Plaintiff's Social Security Card. All other Defendants lack sufficient
information to admit or deny this allegation, so, by them, it is accordingly
denied.

149.    Defendant Carl Hemphill lacks recall on this allegation, and it is
accordingly denied. All other Defendants lack sufficient information to
admit or deny this allegation, so, by them, it is accordingly denied.

150.    Defendant Carl Hemphill denies this allegation, and asserts that
Plaintiff kept the keys to his truck, and his travel logbook, and therefore
did not need to stop in the office every morning, but was able to go
directly from his place of resident to his truck. All other Defendants lack
sufficient information to admit or deny this allegation, so, by them, it is
accordingly denied.

151.    Admitted.

152.    Denied as stated. As asserted by him in his Answer to Paragraph
150 of the Plaintiff's Complaint, Defendant Carl Hemphill reasserts that
Plaintiff was able to go directly to his truck from his place or residence.
All other Defendants lack sufficient information to admit or deny this
allegation, so, by them, it is accordingly denied.

153.    Denied as stated. Employer Defendants owned three trucks at the
time of this allegation.

154.    Defendant Carl Hemphill lacks recall of exactly where Mr. Castillo's
        truck was parked, and therefore this allegation is denied. All other
        Defendants lack sufficient information to admit or deny this allegation,
        so, by them, it is accordingly denied.

155.    All Defendants lack sufficient information to admit or deny this
        allegation, so it is accordingly denied.

156.    All Defendants lack sufficient information to admit or deny this
        allegation, so it is accordingly denied.

157.    All Defendants lack sufficient information to admit or deny this
        allegation, so it is accordingly denied.

158.    All Defendants lack sufficient information to admit or deny this
        allegation, so it is accordingly denied.

159.    All Defendants lack sufficient information to admit or deny this
        allegation, so it is accordingly denied.

160.    Admitted in part and denied in part. It is admitted that Defendant
        Carl Hemphill provided the Plaintiff and Mr. Castillo some type of vehicle
        for the purpose alleged, but, because the Defendant does not recall
        whether the vehicle could properly be characterized as a van, to that
        extent the allegation is denied.

161.    Admitted in part and denied in part. Defendant Carl Hemphill
        admits that he told Plaintiff and Jaime that they would have to purchase
        their own gasoline, but has no recall of having told them they would be

charged $20.00 per week for the vehicle rental, so that portion of the allegation is denied. All other defendants lack sufficient information to admit or deny the allegation, so, by them, the allegation is denied.

162. Defendant Carl Hemphill lacks recall of the amount of time Mr. Castillo used the vehicle, so the allegation is therefore denied. All other defendants lack sufficient information to admit or deny the allegation, so, by them, it is accordingly denied.

163. All Defendants lack sufficient information to admit or deny this allegation, so it is accordingly denied.

164. Admitted.

165. Admitted.

166. Denied as stated. Defendant Carl Hemphill lacks recall of the location where Plaintiff parked the truck, and specifically denies that Plaintiff would have returned to his office after parking the truck. All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is accordingly denied.

167. Denied as stated. Defendant Carl Hemphill specifically denies that Plaintiff turned in the keys and travel log at the end of each day. All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is accordingly denied.

168. Admitted in part and denied in part. Defendant Carl Hemphill admits that he told Plaintiff that he was *permitted* to take a lunch break, but specifically denies that he told Mr. Castillo that he *was required* to

take a lunch break if there were several trucks waiting to unload their cargoes. All other Defendants lack sufficient information to admit or deny this allegation, and therefore, by them, it is denied.

169.    Denied as stated. Defendant Carl Hemphill specifically denies that he told Mr. Castillo that he might take his lunch break at these times for any motivation of seeking to reduce the obligation to pay wages. All other Defendants lack sufficient information to admit or deny this allegation, so, by them, it is therefore denied.

### *Mr. Castillo's Attempts to Leave Employer Defendants' Employ*

170.    Denied as stated. Defendant Carl Hemphill and KAH Transportes specifically assert that they pay every two weeks and have approximately a 7 day hold in order to prepare the payroll. All other Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

171.    Admitted in part and denied in part. Defendant Carl Hemphill admits that the Plaintiff was told that up to one week's pay may be held, for purposes of preparing the payroll, but denies it was as a "security deposit". All other Defendants lack sufficient information to admit or deny this allegation, so therefore, by them, it is accordingly denied.

172.    Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is accordingly denied.

173.     Denied as stated.  Defendants lack sufficient information to admit
or deny this allegation, so it is accordingly denied.

174.     Denied as stated.  Defendants lack sufficient information to admit
or deny this allegation, so it is accordingly denied.

175.     Denied as stated.  Defendant Carl Hemphill lacks sufficient recall
of the actual date, but believes, and therefore avers, that Plaintiff did not
begin expressing a desire to stop working for KAH Transportes until
sometime in the month of June.  All other Defendants lack sufficient
information to admit or deny, so the allegation is therefore denied.

176.     Denied as stated.  Defendant Car Hemphill believes, and therefore
avers, that Plaintiff did not express a desire to return to Mexico until
sometime in the month of June.  All other Defendants lack sufficient
information to admit or deny, so the allegation is therefore denied.

177.     Denied as stated.  Defendant Carl Hemphill never made any such
statement to the Plaintiff.  All other Defendants lack sufficient
information to admit or deny, so the allegation is therefore denied.

178.     Denied as stated.  Defendant lacks recall of the monetary advance,
or of the date on which it may have been given.  All other Defendants
lack sufficient information to admit or deny, so the allegation is denied.


179.     Admitted.

180.     Denied as stated.  Defendant lacks recall, and will need to search the payroll records of KAH Transportes, which are presently archived, so the allegation is tentatively denied.  All other Defendants lack sufficient information to admit or deny, so the allegation is therefore denied.

181.     Denied as stated.  Defendant lacks recall, and will need to search the payroll records of KAH Transportes, which are presently archived, so the allegation is tentatively denied.  All other Defendants lack sufficient information to admit or deny, so the allegation is therefore denied.

182.     Denied as stated.  Defendant lacks recall, and will need to search the payroll records of KAH Transportes, which are presently archived, so the allegation is tentatively denied.  All other Defendants lack sufficient information to admit or deny, so the allegation is therefore denied.

183.     Denied as stated.  Plaintiff was fully paid for all hours worked.

184.     Admitted in part and denied in part.  It is admitted that Defendant Carl Hemphill, and KAH Transportes deducted rent money for the month of May, but both of these Defendants assert that they would only have deducted a pro-rated amount for the month of April.  All other Defendants lack sufficient information to admit or deny this allegation, so it is accordingly denied.

185.    Defendant Carl Hemphill lacks recall of this conversation, but
specifically denies that Mr. Castillo's checks were missing more than half
of the money he was owed.  All other Defendants lack sufficient
information to admit or deny this allegation, so therefore, by them it is
accordingly denied.

186.    Defendant Carl Hemphill lacks recall of this conversation, but
specifically denies that Mr. Castillo's checks were missing more than half
of the money he was owed, and denies that he ever promised any
payment in cash.  All other Defendants lack sufficient information to
admit or deny this allegation, so therefore, by them it is accordingly
denied.

187.    Denied as stated.  Defendant Carl Hemphill lacks recall as to
whether Mr. Castillo's driving assignments were reduced as Plaintiff
alleges, and will have to check the payroll records of KAH Transportes,
which are currently archived, so this allegation is tentatively denied. Mr.
Hemphill specifically denies asking Plaintiff to perform any work other
than truck driving.  All other Defendants lack sufficient information to
admit or deny this allegation, so therefore, by them it is accordingly
denied.

188.    Denied as stated.  Mr. Castillo was never sent to work at
construction companies.

189.    Denied as stated.  Because Mr. Castillo was never asked to work
on any construction jobs; therefore, he would have had no occasion to
refuse such work.

190.    Denied as stated.  Defendant Carl Hemphill lacks recall whether he
told the Plaintiff that there was no driving work for him on that
particular weekend, but said Defendant specifically denies telling the
Plaintiff to report to work for a landscaping job.  All other Defendants
lack sufficient information to admit or deny this allegation, and therefore
it is explicitly denied by them.

191.    Denied as stated.  Defendant Carl Hemphill lacks recall of this
conversation.  All other Defendants lack sufficient information to admit
or deny this allegation, and therefore it is explicitly denied by them.

192.    Admitted.

193.    Denied as stated.  If, in fact, Plaintiff is correct in saying that Mr.
Hemphill told him that there was no truck driving work on that weekend,
Mr. Hemphill would never have told him to report to work anyway.  All
other Defendants lack sufficient information to admit or deny this
allegation, and therefore it is explicitly denied by them.

194.    Defendants lack sufficient information to admit or deny this
allegation, and therefore it is denied.

195.    Denied as stated.  Defendant Carl Hemphill lacks recall of this
conversation.  All other Defendants lack sufficient information to admit
or deny this allegation, and therefore it is explicitly denied by them.

196.    All Defendants lack sufficient information to admit or deny this allegation, and it is therefore denied.

197.    All Defendants lack sufficient information to admit or deny this allegation, and it is therefore denied.

198.    Admitted in part and denied in part. Defendant Mariana Hemphill admits to overhearing the conversation, but lacks recall of the date and contents therefore, so, to this extent, the allegation is denied.

199.    Admitted in part and denied in part. Defendant Mariana Hemphill explicitly denies having threatened Mr. Castillo in any way, or telling him that he could not return to Mexico. She admits that she may have told Mr. Castillo that KAH Transportes had sponsored his visa, and that, if he left, in violation of his contract, that KAH Transportes would never sponsor him again under the H-2B visa program.

200.    Denied as stated. Defendant Mariana Hemphill specifically denies telling the Plaintiff that she would call the police on him, if he left the Employer Defendants' employ.

201.    Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

202.    Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

203.    Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

204. Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

205. Denied as stated. Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

206. Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

207. Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

208. Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

209. Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is therefore denied.

210. Denied as stated. Defendant Mariana Hemphill did not have Mr. Castillo's passport and Social Security Card in her possession, and also did not threaten Mr. Castillo in any way.

211. All Defendants lack sufficient information to admit or deny this allegation, and it is therefore denied.

212. Admitted in part and denied in part. It is admitted that Mr. Castillo continued to work for Employer Defendants, but all Defendants lack sufficient information to admit or deny Mr. Castillo's motivation for doing so, therefore the implication of the phrase "As a result" is denied.

***Employer Defendants Continue to Fail to Pay Mr. Castillo for All Hours Worked***

213.    Denied as stated.  Mr. Castillo was always paid for all the hours he
        worked in each pay period.

214.    Defendant Carl Hemphill lacks recall as to whether the number of
        weekly work hours for Mr. Castillo declined over a period of time.
        Information pertaining to this issue would be in the records of KAH
        Transportes, which are archived, so this allegation is tentatively denied,
        until Mr. Hemphill has the opportunity to check his records.  All other
        Defendants lack sufficient information to admit or deny this allegation,
        so, by them, it is therefore denied.

215.    Denied as stated.  Defendant Carl Hemphill deducted money for
        Plaintiff's airfare, because Mr. Hemphill had loaned the money to Plaintiff
        who was unable to pay his own airfare.  Plaintiff was fully aware that he
        had borrowed the money to pay his airfare to the United States, which
        was his obligation.  All other Defendants lack sufficient information to
        admit or deny this allegation, so, by them, it is accordingly denied.

216.    Denied as stated.  Plaintiff agreed, prior to the time of his arrival in
        the United States, to repay the money he had borrowed.

## *Mr. Castillo Attempts to Leave Employer Defendants' Employ Again and Employer Defendants Have Him Arrested*

217.    Defendant Carl Hemphill lacks recall of the number of times Mr.
        Castillo may have mentioned to him a desire to return to Mexico.
        Moreover, Mr. Hemphill believes, and therefore avers, that Plaintiff did
        not mention this issue until June of 2015.

218.    Defendant Carl Hemphill lacks recall of these conversations, but moreover asserts that he never attempted to contract out Mr. Castillo to work for other entities.

219.    Admitted.

220.    Admitted in part, and denied in part. It is admitted that Defendant Carl Hemphill may have reminded the Plaintiff that he had signed a contract, but it is denied that Mr. Castillo was ever told he could not leave.

221.    Denied as stated. Employer Defendants did not maintain control of Mr. Castillo's Mexican passport, H-2B visa or Social Security Card.

222.    Denied as stated. At no time did Employer Defendants attempt to send the Plaintiff to perform landscaping, construction or demolition work, nor did they attempt to have him work for other employers.

223.    Denied as stated. Defendant Carl Hemphill never required, or even permitted, the Plaintiff to sort materials, or to engage in cleaning work at Employer Defendants' yard and/or office.

224.    Denied as stated. The work referred to in this allegation never occurred.

225.    Denied as stated. While Defendant Carl Hemphill lacks recall of the details of this allegation, he asserts that, if he did tell Mr. Castillo that there was no work on that particular weekend, he would not have gone to his residence to wake him up.

226.    Admitted in part and denied in part.  While it is admitted that
        Defendant Carl Hemphill had a key, it is denied that Mr. Hemphill
        entered without knocking.  According to Mr. Hemphill's recollection, this
        meeting took place on or about June 29, 2015.

227.    Denied as stated.  Mr. Castillo was awakened by Mr. Hemphill's
        knocking on the door.

228.    Denied as stated.  Defendant Carl Hemphill never made the alleged
        statement.

229.    Admitted.

230.    Admitted, subject to the qualification that none of these
        statements were in any way violative of Plaintiff's rights; they were simply
        a vehement expression of Defendant Carl Hemphill's feelings, after the
        Plaintiff quit..

231.    All Defendants lack sufficient information to admit or deny this
        allegation, so it is accordingly denied.

232.    All Defendants lack sufficient information to admit or deny this
        allegation, so it is accordingly denied.

### *Employer Defendants Abuse the Legal Process*

233.    Admitted.

234.    Admitted.

235.    Admitted.

236.    Admitted, subject to the qualification that Mr. Hemphill also
        required the return of all company property of KAH Transportes.

237.   Admitted. More specifically, Mr. Hemphill also stated that he expected the return of the truck keys, the company cell phone, the truck manuals and miscellaneous other truck items.

238.   Denied as stated. The truck was parked on a lot on Union Avenue, in Upper Darby, PA.

239.   Denied as stated. Defendants lack sufficient information to admit or deny this allegation, so it is accordingly denied.

240.   Denied as stated. Mr. Hemphill did not verbally abuse the Plaintiff in the manner described.

241.   Denied as stated. Defendant Carl Hemphill never made such a statement.

242.   Denied as stated. Defendant Carl Hemphill denies that Mr. Castillo made this statement on that occasion.

243.   Denied as stated. Defendant Hemphill did not observe this behavior. All other Defendants lack sufficient information to admit or deny this allegation, so it is accordingly denied.

244.   Denied as stated. Defendant Carl Hemphill never took such an action.

245.   Denied as stated. Defendant Carl Hemphill lacks sufficient recall of this allegation, so it is accordingly denied.

246.   Admitted, subject to the qualification that Plaintiff knew that Defendant Carl Hemphill was entitled to inspect the truck and secure the return of all company property before paying the final paycheck.

247.    Admitted in part and denied in part. It is admitted that
Defendant Carl Hemphill called the police, but only after Plaintiff had
made terroristic threats and declined to leave the property.

248.    Admitted.

249.    Admitted, subject to the qualification that the police officer
directed the Plaintiff to leave the property, and Plaintiff refused the police
officer's order.

250.    Admitted in part and denied in part. It is admitted that the police
officer spoke with Mr. Castillo, but it is denied that Mr. Castillo did not
understand the officer, as evidenced by the fact that Mr. Castillo
voluntarily extended his hands to be handcuffed.

251.    Admitted.

252.    Admitted.

253.    All Defendants lack sufficient information to admit or deny this
allegation, so it is accordingly denied.

254.    All Defendants lack sufficient information to admit or deny this
allegation, so it is accordingly denied.

255.    Defendants lack sufficient information to admit or deny this
allegation, so it is accordingly denied.

256.    Denied as stated. Because none of the Defendants were present at
the arraignment, all Defendants lack sufficient information to admit or
deny this allegation, and it is accordingly denied.

257.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

258.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

259.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

260.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

261.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

262.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

263.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

264.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

265.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

266.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

267.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

268.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

269.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

270.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

271.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

272.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

273.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

274.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

275.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

276.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

277.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

278.     All Defendants lack sufficient information to admit or deny this
allegation, and it is accordingly denied.

279.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

280.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

281.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

282.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

283.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

284.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

285.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

286.    Admitted.

287.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

288.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

289.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

290.    All Defendants lack sufficient information to admit or deny this allegation, and it is accordingly denied.

291.    Admitted, subject to the qualification that Attorney Bradley had
        Faxed the said document to Mr. Castillo's defense attorney on October
        13, 2015, at 9:09 AM.

292.    All Defendants lack sufficient information to admit or deny this
        allegation, and it is accordingly denied.

293.    All Defendants lack sufficient information to admit or deny this
        allegation, and it is accordingly denied.

294.    Admitted.

295.    Admitted.

296.    Admitted.

297.    Admitted.

298.    Denied as stated. Defendants lack sufficient information to admit
        or deny this allegation, so it is accordingly denied.

299.    Denied as stated. Defendants lack sufficient information to admit
        or deny this allegation, so it is accordingly denied.

300.    Denied as stated. Defendants lack sufficient information to admit
        or deny this allegation, so it is accordingly denied.

301.    Denied as stated. Defendants lack sufficient information to admit
        or deny this allegation, so it is accordingly denied.

302.    Denied as stated. Defendants lack sufficient information to admit
        or deny this allegation, so it is accordingly denied.

303.    Denied as stated. Defendants lack sufficient information to admit
        or deny this allegation, so it is accordingly denied.

304. Denied as stated. Plaintiff was free to return to Mexico, to reunite with his wife and children at any time of his choosing. Instead he has chosen to remain in the United States, without legal authorization.

305. Denied as stated. Defendant Carl Hemphill never made any phone call or other overture to Plaintiff to seek to re-hire him.

## FIRST CAUSE OF ACTION

### FORCED LABOR

#### *Trafficking Victims Protection Act, 18 U.S.C. & 1859*

(Defendants Carl Hemphill, Mariana Hemphill, KAH, Delco Mulch, Three Seasons, and MJC Labor Solutions)

306. Admitted, subject to the answers stated in this Answer and New Matter to Complaint in Paragraphs 1-305.

307. Admitted.

308. Admitted.

309. Denied as stated. None of the Employer Defendants ever subjected Plaintiff to forced labor in violation of 18 U.S.C. & 1859.

310. Denied as stated. None of the Employer Defendants ever threatened Plaintiff with serious harm, to obtain his labor or services, in violation of 18 U.S.C. & 1859(a)(2).

311. Denied as stated. Defendant Employers never knowingly abused and/or threatened to abuse the law or legal process, including the criminal justice system and/or the H-2B visa program in order to obtain Plaintiff's labor or services in violation of 18 U.S.C. & 1589(a)(3).

312.    Denied as stated.  Employer Defendants did not knowingly, by
means of a scheme, plan or pattern intended to cause the Plaintiff to
believe that, if he did not perform labor or services, he would suffer
serious harm or physical restraint, in violation of 18 U.S.C. & 1859(a)(4).

313.    Denied as stated.  Because Employer Defendants have not
committed any of the violations of 18 U.S.C. 1859 or any of its sub-
sections as set forth in Paragraphs 309-312 of the aforesaid Complaint,
Plaintiff is not entitled to any damages, neither compensatory nor
punitive, and is not entitled to attorneys' fees or any other relief.

## SECOND CAUSE OF ACTION

## FORCED LABOR

### *Trafficking Victims Protection Act, 18 U.S.C. & 1859*

(Defendants Overbrook Park Holding Co. and MJC, LP)

314.    Admitted, subject to the answers stated in this Answer and New
Matter to Complaint in Paragraphs 1-313.

315.    Admitted.

316.    Admitted.

317.    Denied as stated.  Because Employer Defendants did not engage in
any venture to subject Plaintiff to forced labor, Defendants Overbrook
Park Holding Co. and MJC, LP could not have benefitted, either
knowingly or in reckless disregard of the facts, from participation in such
a non-existent venture.  More specifically, Employer Defendants did not
engage in the providing or obtaining of labor or services from the Plaintiff
through threats of serious harm, coercion, and abuse of the legal process
in violation of 18 U.S.C. & 1859(b), so therefore Defendants Overbrook
Park Holding Co. and MJC, LP could not have benefitted by participating
in such a venture.

318.    Denied as stated.  For the reasons stated in Paragraph 317 of this
Answer, Plaintiff is not entitled to any damages, either compensatory or
punitive, nor any restitution, nor attorneys fees, nor any other relief.

## THIRD CAUSE OF ACTION

## HUMAN TRAFFICKING

### *Trafficking Victims Protection Act, 18 U.S.C. & 1590*

(Defendants Carl Hemphill, Mariana Hemphill, KAH, Delco Mulch, Three
Seasons and MJC Labor Solutions)

319.    Admitted, subject to the answers provided in this Answer and New
Matter to Complaint in Paragraphs 1-318

320.    Admitted.

321.    Admitted.

322.    Denied as stated.  Employer Defendants did not knowingly recruit, transport, harbor, provide and/or obtain Plaintiff for the purpose of subjecting him to forced labor and involuntarily servitude.

323.    Admitted in part and denied in part.  It is admitted that Employer Defendant Carl Hemphill encouraged Plaintiff to travel from Mexico by telling him that he (the Plaintiff) would work as a truck driver, and that he would receive overtime pay for work in excess of forty hours in a work week, but it is denied that Employer Carl Hemphill promised the Plaintiff anything beyond a full time job.  Furthermore, it is denied that Employer Defendants forced Plaintiff to do manual labor, or attempted to force him to work for Employer Defendants' clients. It is further denied that Employer Defendants failed to pay him for all the hours he had worked, confiscated his Mexican passport or H-2B visa or Social Security card.  It is further denied that Employer Defendants refused to allow Plaintiff to end the employment relationship.

324.    Denied as stated.  For the reasons stated in Paragraph 323 of this Answer, Plaintiff is not entitled to any damages, neither compensatory nor punitive, nor attorneys' fees, nor any other relief.

## **FOURTH CAUSE OF ACTION**

### *Fair Labor Standards Act ("FLSA"), 29 U.S.C. && 201-219*

(Defendants Carl Hemphill, Mariana Hemphill, KAH, Delco Mulch, Three

Seasons, and MJC Labor Solutions)

325.    Admitted, subject to the answers provided in this Answer and New

Matter to Complaint in Paragraphs 1-324

326.    Denied as stated. For purposes of this Complaint, only Defendants

Carl Hemphill and KAH Transportes, are "Employers" of the Plaintiff.

Neither Mariana Hemphill, nor Three Seasons Landscape Contracting

Services, Inc., nor MJC Labor Solutions LLC nor Delco Mulch and Supply

were, in any sense, Employers of Plaintiff. Neither Mariana Hemphill,

nor Three Seasons Landscape Contracting Services Inc., nor Delco Mulch

and Supply played any role in recruiting Mr. Castillo as an employee.

Furthermore, Mr. Castillo provided no labor or services for Three

Seasons, nor MJC nor Delco Mulch, and none of these companies ever

paid him, or listed him on their payroll.

327.    Denied as stated. Presumably, Plaintiff meant to allege that

Defendants FAILED to pay the statutory minimum wage for all hours he

worked. While, as noted in Answer to Paragraph 326, not all of the

above-mentioned Defendants can properly be considered "Employers" of

the Plaintiff, those who did employ him paid him the statutory minimum

wage for the hours he worked.

328.    Denied as stated.  Those above-named Defendants who could
        properly be characterized as "Employers" of Plaintiff did pay him the
        proper overtime pay for all hours he worked in excess of forty hours in a
        work week.

329.    Denied as stated.  All deductions taken from Plaintiff's wages were
        legitimate and proper and authorized.  These deductions did not reduce
        Plaintiff's wages in the first week below the federal minimum wage.

330.    Denied as stated.  Plaintiff was paid his proper wages.

331.    Denied as stated.  Plaintiff suffered no damages.

332.    Denied as stated.  For the reasons set forth in Paragraphs 327-331
        of this Answer, Plaintiff is not entitled to any damages for unpaid
        minimum wages, nor for unpaid overtime, nor is Plaintiff entitled to
        liquidated damages in an equal amount, nor to interest, nor to attorneys'
        fees, nor to any other relief.

## FIFTH CAUSE OF ACTION

## HUMAN TRAFFICKING

### *Pennsylvania Act 105, 18 Pa. C.S. & 3051*

(Defendants Carl Hemphill, Mariana Hemphill, KAH, Delco Mulch, Three

Seasons and MJC Labor Solutions)

333.    Admitted, subject to the answers provided in this Answer and New
        Matter to Complaint in Paragraphs 1-332.

334.    Admitted.

335.    Admitted.

336.    Denied as stated.  Employer Defendants did not participate in the human trafficking of Plaintiff.

337.    Admitted in part and denied in part.  While it is admitted that Employer Defendant Carl Hemphill and MJC Labor Solutions LLC recruited and placed Plaintiff with KAH Transportes, it is denied that this recruitment was performed with the knowledge that Plaintiff would be subject to involuntary servitude in violation of 18 Pa. C.S. & 3011. Furthermore, it is denied that Plaintiff was ever actually subjected to such involuntary servitude.

338.    Denied as stated.  More specifically, each and every sub-section of this Paragraph, alleging that Plaintiff was knowingly subjected to labor servitude in violation of 18 Pa. C.S. & 3011, is denied as follows:

   a. Employer Defendants did not threaten Plaintiff with serious harm;

   b. Employer Defendants  did not abuse or threaten to abuse the legal process including the criminal justice system, nor did Employer Defendants abuse or threaten to abuse the H-2B visa program;

   c. Entirely aside from the fact that wages constitute *personal property as distinct from real property,* Employer Defendants did not retain Plaintiff's wages as a means of coercion.

    d. Employer Defendants did not engage in any unlawful conduct with respect to Plaintiff's Mexican passport, H-2B visa, or Social Security card, in violation of 18 Pa. C.S. & 3014. Furthermore, the Employer Defendants who actually recruited the Plaintiff (Carl Hemphill and MJC Labor Solutions LLC) had a good faith intention of providing Plaintiff with full time employment as a truck driver with KAH Transportes.

    e. Employer Defendants did not use a scheme, plan or pattern intended to cause Plaintiff to believe that if he did not perform labor he would suffer serious harm.

339.    Denied as stated. Because Employer Defendants did not engage in the trafficking of Plaintiff, they did not receive any illicit financial benefit from his labor and services as a truck driver with KAH Transportes.

340.    For the reasons set forth in Paragraphs 336-339 of this Answer and New Matter, Plaintiff is not entitled to actual damages, compensatory damages, nor punitive damages, nor to any other relief.

341.    For the same reasons set forth in Paragraphs 336-340, Plaintiff is not entitled to treble damages, because Employer Defendants did not engage in willful and malicious behavior.

342.     For the same reasons set forth in Paragraphs 336-341, Plaintiff is

not entitled to injunctive relief.

## SIXTH CAUSE OF ACTION

## HUMAN TRAFFICKING

### *Pennsylvania Act 105, 18 Pa. C. S. & 3051*

(Defendants MJC, LP and Overbrook Park Holding Co.)

343.     Admitted, subject to the answers provided in the Answer and New

Matter to Complaint, in Paragraphs 1-342.

344.     Admitted.

345.     Admitted.

346.     Denied as stated.  Because Plaintiff was not recruited and

maintained with the knowledge that he would be subjected to

involuntary servitude, and, in fact, was not subjected to involuntary

servitude, in violation of 18 Pa. C. S. & 3011, Defendants MJC, LP and

Overbrook Park Holding Co. cannot be held liable for any financial

benefit they may have received from his legitimate and proper services

under the H-2B visa program.

347.     Denied as stated.  Employer Defendants did not knowingly subject

Plaintiff to involuntary servitude in violation of 18 Pa. C. S. & 3011, and

18 Pa. C. S. & 3012(a), and therefore Defendants MJC, LP and Overbrook

Park Holding Co. cannot be held liable for any financial benefit they may

have received from the entirely legitimate labor of Plaintiff under the H-

2B visa program.

348.    Based upon the answers given to Paragraphs 346-347 of this
Complaint, Plaintiff is not entitled to any damages under 18 Pa. C. S. &
3051, neither actual damages, nor compensatory damages, nor punitive
damages, nor any other relief.

349.    For the same reasons articulated in Paragraph 346-348 of this
Answer and New Matter, Plaintiff is not entitled to treble damages of the
actual damages, because Employer Defendants actions were not willful
and malicious.

350.    For the same reasons stated in Paragraphs 346-349, Plaintiff is not
entitled to injunctive relief.

## SEVENTH CAUSE OF ACTION

### *Pennsylvania Minimum Wage Act of 1968 ("MWA"), 43 P.S. &&*
### *333.101-115*

(Defendants Carl Hemphill, Mariana Hemphill, KAH, Delco Mulch, Three
Seasons and MJC Labor Solutions)

351.    Admitted, subject to the answers provided in Paragraphs 1-350 of
this Answer and New Matter to Complaint.

352.    Denied as stated.  Defendants paid the Plaintiff fully and
completely for every hour worked, and at the rate specified by the federal
government for truck drivers admitted under the H-2B visa program.

353.    Denied as stated.  Defendants paid the Plaintiff time and one-half
for all overtime hours worked.

354.    Denied as stated.  Defendants fully complied with the law
regarding minimum wage payments to Plaintiff, and therefore, did not act
intentionally, willfully and with reckless disregard of clearly applicable
MWA provisions.

355.    Based upon the answers to Paragraphs 352-354, Plaintiff is not
entitled to any unpaid wages, since there were none, and therefore is
likewise not entitled to attorneys' fees.  Since Plaintiff has been permitted
to file this Complaint *in forma pauperis,* he has not incurred any court
costs.

## EIGHTH CAUSE OF ACTION

### *Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S.*
### *&& 260-1-260.12*

(Defendants Carl Hemphill, Mariana Hemphill, KAH, Delco Mulch, Three
Seasons and MJC Labor Solutions)

356.    Admitted, subject to the answers provided in this Answer and New
Matter to Complaint in Paragraphs 1-355

357.    Admitted.

358.    Admitted.

359.    Defendants lack recall on this allegation, and the KAH payroll
records are archived, so this allegation is tentatively denied, pending
review of the said payroll records.

360.    Denied as stated.  Defendants paid Plaintiff all of the wages he was
due for each and every pay period in 2015.

361.    Denied as stated.  Defendants did not unjustifiably withhold
Plaintiff's pay for the period of June 18, 2015 to July 1, 2015, but made
payment to him, through his attorney, as shown on the attached Exhibit
"A", titled "Mutual Release between Parties".

362.    Admitted.

363.    Denied as stated.  There was not a "deduction" made for airfare,
but rather a repayment, by Plaintiff, of a loan from MJC Labor Solutions
LLC.   This loan was extended to Plaintiff, based upon his representation
that he needed the money to be able to come to the United States.  It was
Plaintiff's responsibility to pay for his own airfare to the United States,
under the federal law then pertaining to H-2B visa program employees.
In the event there was any conflict between the federal law relating to
immigration/admission of H-2B visa employees and the particular
provision of Pennsylvania state law, federal law would pre-empt state law
on an issue relating to admission of foreign nationals to the United
States of America, under the Supremacy Clause of the United States
Constitution.

364.    Denied as stated.  These wages were paid to Plaintiff, through
counsel, as stated in Paragraph 361 of this Answer and New Matter.

365.    Admitted.

366.    Based upon the answers provided to Paragraphs 359-365,
Employer Defendants have not violated Plaintiff's rights under the WCPL,

and therefore Plaintiff is not entitled to claim unpaid wages, nor to claim liquidated damages in the amount of $500.00 per calendar quarter.

## NINTH CAUSE OF ACTION

### BREACH OF CONTRACT

(Defendants Carl Hemphill, Mariana Hemphill, KAH, Delco Mulch, Three Seasons and MJC Labor Solutions)

367. Admitted, subject to the answers provided in this Answer and New Matter to Complaint, in Paragraphs 1-366.

368. Denied as stated. KAH Transportes and Carl Hemphill are the only Defendants who may be properly characterized as "Employer Defendants".

369. Admitted in part and denied in part. It is admitted that Plaintiff traveled to the United States, and *partially fulfilled* his contractual obligations, until such time as he voluntarily quit working for Employer Defendant KAH, on or about July 9, 2015.

370. Denied as stated. Employer Defendants did not breach their contract with Plaintiff. More specifically, Employer Defendants paid Plaintiff contractually established wages. Employer Defendants never promised to cover Plaintiff's expenses.

371. Denied as stated. Since Employer Defendants did not breach their contract with Plaintiff. Plaintiff has not suffered any loss of expected wages or income.

372.     Denied as stated.  Since Employer Defendants did not breach their
contract with Plaintiff, Plaintiff is not entitled to monetary damages.

## TENTH CAUSE OF ACTION

## UNJUST ENRICHMENT

(Defendants Carl Hemphill, Mariana Hemphill, KAH, Delco Mulch, Three
Seasons and MJC Labor Solutions)

373.     Admitted, subject to the answers provided in this Answer and New
Matter to Complaint, in Paragraphs 1-372.

374.     Admitted, for the short period of time that Plaintiff worked for
Employer Defendant KAH Transportes.

375.     Admitted in part and denied in part.  It is admitted that the
Plaintiff would have had a reasonable expectation of being compensated
for the labor he provided to Employer Defendants, but it is denied that
Employer Defendants unjustly failed to pay Plaintiff prevailing wages for
the labor he performed, and therefore Plaintiff suffered no detriment.

376.     Based upon the answers to Paragraph 375 of the Complaint,
Plaintiff is not entitled to monetary damages, because he has already
been paid the reasonable value, and contractually agreed amount for the
value of the labor he provided for Employer Defendants.

## ELEVENTH CAUSE OF ACTION

## UNFAIR TRADE PRACTICES

### *Pennsylvania Unfair Trade Practices and Consumer Protection Law*

### *73 P.S. && 201.1-201-9.2*

(All Defendants)

377.   Admitted, subject to the answers provided in this Answer and New Matter to Complaint, in Paragraphs 1-376.

378.   Admitted.

379.   Admitted.

380.   Denied as stated.  Employer Defendants did not deceive Plaintiff about the rental housing in which he would be living, and therefore were not in violation of the PA Unfair Trade Practices Law.

381.   Denied as stated.  The rental housing provided by Employer Defendants was operated in accordance with law, and was fit for human habitation.  More specifically, Defendants deny that the housing was overcrowded and/or vermin infested, and therefore deny that they are in violation of the PA Unfair Trade Practices Law.

382.   Denied as stated.  This allegation is a conclusion of law, which requires no response from the Defendants.

383.   Based upon the answers to Paragraphs 380-382 of the Complaint, Plaintiff is not entitled to monetary damages, treble damages, or attorneys' fees.  Since he has been granted permission to file this Complaint *in forma pauperis,* he has incurred no court costs.

## **NEW MATTER**

1. On October 14, 2015, Employer Defendant Carl Hemphill and Plaintiff
   Jose Enrique (Castillo) Chaidez entered into an agreement, titled
   "Mutual Release Between Parties". A copy of the said Agreement is
   attached hereto and designated Exhibit "A".

2. Paragraph 2 of the said Agreement provides as follows:

   "Employer agrees to pay to Employee, on the date of this Mutual
   Release, the sum of One Thousand, Five Hundred ($1,500.00) Dollars,
   *in full payment of all wages, salaries and compensation due to
   Employee.* Payment will be made by and through Employer's
   attorney." *(emphasis added).*

3. Paragraph 4 of the said Agreement provides as follows:

   "No claims will be brought by either Employer or Employee, against
   the other party.

4. Paragraph 6 of the said Agreement provides as follows:

"Along with this Mutual Release between Parties, Employer will deliver to
Employee, by and through Employer's attorney, *the formal Notification required
by the Department of Labor that, now that he is no longer employed, he must
leave the country." (emphasis added).*

5. Paragraph 7 of the said Agreement provides as follows:

"Counsel for Employee agrees that he will explain the legal meaning of this
Mutual Release between Parties to Employee fully and completely, and in
Spanish, the Employee's primary language. Counsel for Employer has fully
explained the legal meaning of the said release to Employer".

6. The said Agreement is signed by Carl Hemphill, an Employer Defendant in this current litigation, Jose Enrique (Castillo) Chaidez, the Plaintiff in this current litigation, as well as by John F. Bradley, Esquire, Attorney for the Employer, and Wayne Sachs, Esquire, Attorney for the Employee, Jose Enrique (Castillo) Chaidez

7. In accordance with Paragraph 6 of the said Agreement, Employer Carl Hemphill delivered the formal Notification required by the Department of Labor, informing Mr. Chaidez that he was required to leave the United States of America. A copy of the said Notification, in Spanish, is attached hereto, and designated Exhibit "B".

8. Despite receiving this Notification, Plaintiff is currently residing in the United States of America, as he has acknowledged in Paragraphs 11 and 66 of his Complaint.

9. Defendant Carl Hemphill believes, and therefore avers that Plaintiff never left the United States, in spite of receiving the formal Notification to do so, and has been residing, illegally, in the United States of America on a continuous basis since October 14, 2015.

10. Defendant Carl Hemphill further believes, and therefore avers that Plaintiff has filed this Complaint, and, in particular, Counts 1, 2 & 3 relating to Human Trafficking, in bad faith, and simply as a ruse to obtain a right of legal residency in the United States of America.

11. Plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations and/or the doctrine of *laches*.

12.     Plaintiff's claims may be barred in whole or in part by the doctrine

of accord and satisfaction, payment and/or release.

13.     Plaintiff may lack standing to bring some or all of the alleged

claims.

14.     Plaintiff's claims may be barred in whole or in part by the doctrine

of waiver, estoppels or unclean hands.

15.     Plaintiff's claims may be barred in whole by the defense of

illegality.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Honorable Court grant the following relief:

1. Dismiss Defendant Carl Hemphill and KAH Transportes on all Causes of Action, based upon the "Mutual Release Between Parties" executed on October 14, 2015.

2. Dismiss Defendants Mariana Hemphill, Three Seasons Landscape Contracting Services, Inc., Delco Mulch and Supply and MJC Labor Solutions LLC on all counts where their liability is predicated upon their being designated as "Employer Defendants". More specifically, Defendants request that Three Seasons Landscape Contracting Services Inc., MJC Labor Solutions and Delco Mulch and Supply be dismissed as Defendants on Causes of Action 1, 3, 4, 5, 7, 8, 9, 10 & 11. Since these two Defendants are not named in Causes 2 & 6, they are requesting their dismissal as Defendants on all Causes of Action. In the case of Defendant Mariana Hemphill, while she is clearly not an "Employer Defendant", certain allegations relevant to human trafficking have been made against her in Causes of Action 1, 3 & 5. Therefore, Defendant Mariana Hemphill requests her dismissal as a Defendant on Causes of Action 4, 7, 8, 9, 10 & 11. Since she was not named as a defendant in Counts 2 & 6, this would leave her as a Defendant only for Causes of Action 1, 3 & 5.

3.  All Party Defendants respectfully request this Honorable Court to deny

   Plaintiff all of his claims against each and all of them [Party Defendants],

   as stated in Paragraphs 1-13 of Plaintiff as stated in Paragraphs 1-13 of

   Plaintiff's Prayer for Relief.

                                   Respectfully submitted.

Dated:  July 18, 2018

                                   John F. Bradley, Esquire
                                   Attorney for All Defendants
                                   Attorney I. D. # 17243
                                   1317 Kimberly Drive
                                   Philadelphia, PA 19151
                                   Tel:  (610) 312-1657
                                   FAX:  (610) 352-8222
                                   Email:  johnfbradleyesq@gmail.com

$E \times NIBIT$ "$A$"

## MUTUAL RELEASE BETWEEN PARTIES

AND NOW, to·wit, this ____ day of October , 2015, the following Agreement of
Mutual Release of Liability is entered into and agreed upon by and between Carl
Hemphill, hereinafter referred to as "Employer" and Jose Enrique Chaidez,
hereinafter referred to as "Employee".

1. Employee agrees that he has voluntarily withdrawn from the employment of
   Employer, without compelling and necessitous reasons, and therefore will not
   be seeking either Unemployment Compensation or damages from Employer
   for wrongful discharge.

2. Employer agrees to pay to Employee, on the date of this Mutual Release, the
   sum of One Thousand, Five Hundred ($1,500.00) Dollars, in full payment of
   all wages, salaries and compensation due to Employee. Payment will be
   made by and through Employer's attorney.

3. Employer and Employee will have no further contact with one another.

4. No claims will be brought by either Employer or Employee, against the other
   party.

5. Employer agrees to advise the Office of the District Attorney of Delaware
   County that he has no interest in seeing Employee prosecuted for any offense
   which said Employee may have committed against him. Employee
   acknowledges that Employer has no control over the District Attorney's
   exercise of discretion, and cannot guarantee that his recommendation will be
   accepted by the District Attorney.

6. Along with this Mutual Release between Parties, Employer will deliver to
   Employee, by and through Employer's attorney, the formal Notification
   required by the Department of Labor that, now that he is no longer employed,
   he must leave the country.

EXNIBIT "A" (CONTINUED)

Page 2 of 2

7. Counsel for Employee agrees that he will explain the legal meaning of this Mutual Release between Parties to Employee fully and completely, and in Spanish, the Employee's primary language. Counsel for Employer has fully explained the legal meaning of the said release to Employer.

Carl Hemphill
Employer

Jose Enrique Chaidez
Employee

John F. Bradley, Esq.
Counsel for Employer

Wayne Sachs, Esq.
Counsel for Employee

## KAH Transportes LLC
1720 S. State Road, Rear Lot # 201 * Upper Darby, PA 19082
Tel: 610-352-800 * Fax: 610-352-8222

Octubre 12, 2015

JOSE ENRIQUE CASTILLO CHAIDEZ
PRESENTE

**RE: Requisitos para los trabajadores con visa H-2B para salir de los Estados Unidos**

Esta carta es con referencia a su trabajo temporal en los Estados Unidos bajo la visa H-2B.

Como su patrón, **KAH Transportes LLC,** les está informando que de acuerdo a las regulaciones, se les solicita abandonar los Estados Unidos al final del periodo de su estancia autorizado por el Departamento de Homeland Security (DHS) o una vez que ya hayan dejado de trabajar para **KAH Transportes LLC** , cualquiera que ocurra primero. La fecha en la que ustedes deberán salir de Estados Unidos puede cambiar de acuerdo a las regulaciones de DHS con una extensión o cambio de status o un periodo de gracia.

Su visa vence el **12/23/2015** y no pueden permanecer aquí en los Estados Unidos.

Atentamente

cc. U.S. Department of Labor
Wage and Hour Division
200 Constitution Avenue, NW
Room S-3510
Washington, DC 20210

RECONOZCO QUE **KAH TRANSPORTES LLC** ME AVISO CON ANTICIPACION DE ABANDONAR LOS ESTADOS UNIDOS Y NO PERMANECER AQUÍ DESPUES DE LA FECHA DE VENCIMIENTO DE MI VISA.