IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE ENRIQUE CASTILLO CHAIDEZ, | : |
| Plaintiff, | : |
| v. | : |
| CARL HEMPHILL, KAH TRANSPORTES, LLC, MARIANA HEMPHILL, THREE SEASONS LANDSCAPE CONTRACTING SERVICE, INC., MJC LABOR SOLUTIONS, LLC, MJC LP, DELCO MULCH AND SUPPLY, LLC AND OVERBROOK PARK HOLDING CO., LTD, | : CIVIL ACTION<br>: NO. 18-1837-GAM |
| Defendants. | : |

**STIPULATED PROTECTIVE ORDER**

WHEREAS this matter having come before the Court by stipulation of Plaintiff, Jose Enrique Castillo Chaidez, by counsel, and Defendants, Carl Hemphill, Mariana Hemphill, KAH Transportes, LLC, Three Seasons Landscape Contracting Services, Inc., MJC Labor Solutions, LLC, MJC, LP, Delco Mulch and Supply, LLC, and Overbrook park Holding Co., Ltd., by counsel, for the entry of a protective order limiting review, copying, dissemination, and the filing of confidential documents and information to be produced by either party and their respective counselors or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by and between and/or among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS HEREBY ORDERED:

1. As used in this Protective Order (the "Order"), the term "discovery material" shall encompass all information contained in documents, computer data and reports, deposition

testimony and exhibits, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, affidavits, and any other written, recorded, computerized, electronic, transcribed or graphic matter produced by any party or obtained by any party during discovery in this suit, and any copies thereof. "Producing party" and "designating party" may include any person, whether or not a party, who provides discovery material. "Suit" means the above-styled lawsuit pending in the Eastern District of Pennsylvania.

2. This Order is binding upon the parties to the Suit, their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order.

3. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. The protections in this Order are permissive: nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, from asserting that this Order does not provide sufficient protection, and/or from asserting that information is not relevant or otherwise not discoverable.

4. All "CONFIDENTIAL" discovery material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action. Additionally, as set forth below, certain discovery material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "confidential discovery material") shall not be disclosed by the recipient, except as specified under the terms of this Order.

5. A producing party may designate as "CONFIDENTIAL" material that has been or will be made available in this Suit by affixing in a conspicuous place on the discovery material

the label "CONFIDENTIAL." A party shall make such designation only with respect to discovery materials that qualify as deserving protection under Federal Rule of Civil Procedure 26(c).

Discovery material designated "CONFIDENTIAL" may be inspected and disclosed only to the following persons:

(a) the parties, including the directors, officers, and employees of the parties to the Suit and their affiliates, and counsel for the parties in this Suit, including inside counsel of any party who is assisting in the preparation of that party's case;

(b) employees of such counsel engaged in assisting counsel in the preparation of this Suit including secretaries and paralegal assistants;

(c) court officials involved in the Suit, including court reporters and persons operating video recording equipment at depositions;

(d) witnesses, provided that (1) discovery material is used in connection with the examination of the witness; (2) counsel using such documents or information believes in good faith that such use is necessary or appropriate; and (3) the witness is first provided with a copy of this Order and executes Exhibit A, or is the author, recipient, or a copyee of such discovery material;

(e) independent contractors, outside consultants, and experts and their staff consulted or retained by a party for the purpose of assisting in the prosecution or defense of the Suit, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A; and

(f) any other person who is designated as an authorized person by Order of this Court, after notice to the parties, or by agreement with the designating party.

6. A producing party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" confidential material that has been or will be made available in this Suit by affixing in a conspicuous place on the discovery material the label "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall only include that subset of CONFIDENTIAL materials which are so sensitive that the producing party reasonably believes disclosure to the receiving party may cause undue oppression or harassment to the producing party, including documents containing personal identifying

information such as social security numbers, documents containing information regarding immigration status or applications for immigration benefits, documents containing protected health information ("PHI") within the meaning of privacy regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or similar sensitive materials that the respective parties typically guard from disclosure. This list is not to be taken as an agreement or admission that the listed materials are discoverable or relevant. Nor does the receiving party necessarily agree that documents designated as "Confidential -- Attorneys' Eyes Only" have been properly so designated, and the receiving party retains the right to challenge any such designation in accordance with the procedures set forth in this agreement. Until such time as a designation has been successfully challenged, however, the binding effect of the designation shall remain.

Access to material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited as follows:

(a)  outside attorneys of record for the parties in this action and the staff of their respective law firms working on this Suit;

(b)  the clerical employees of such counsel actually assisting such counsel in preparation of this Suit, provided, however, that such employees have access to material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the extent necessary to perform their duties;

(c)  non-party experts or consultants including their secretarial and clerical personnel retained to assist counsel of record in this Suit to the extent counsel reasonably and in good faith deems the disclosure necessary in connection with that person's provision of expert or consulting services;

(d)  deponents or trial witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary in good faith in connection with that person's testimony or counsel's preparation of their case;

(e)  the Court and Court personnel in accordance with the procedures set forth below;

(f)  stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this Suit;

4

(g) outside photocopying, data processing, or graphic services employed by a party or its counsel to assist in this Suit; and

(h) any person who authored or received the particular information sought to be disclosed to that person.

7. With respect to information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," such information may be interpreted or described by counsel of record, in the most general terms only, to their respective executive-level employees or in-house legal personnel who have a need to know so that counsel may explain the impact of the information on the issues in the case. Counsel for any producing party may designate so much of any transcript of any deposition "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" as containing the types of information specified above by making a statement on the record during the course of the depositions or by giving notice to the court reporter and all other parties in writing served within ten (10) business days of receipt of the transcript of such deposition for inspection and review. Until such ten (10) business day time period expires, all parties shall treat the deposition as confidential.

8. To the extent deposition testimony, or other pretrial testimony or statements are designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and to the extent discovery material designated confidential is disclosed, or otherwise communicated, to a person in deposition, the court reporter shall affix the appropriate legend on the face of the transcript and shall indicate in a prominent place the specific transcript pages and/or exhibits that have been so designated. The final transcript of the deposition containing any confidential designations shall be prepared and disseminated by the court reporter after the expiration of the ten (10) business day period set forth in paragraph 8.

9. A deponent shall not be permitted to retain copies of confidential discovery material unless the deponent is otherwise entitled to receive and retain such copies under the

terms of this Order. A deponent's counsel shall not be permitted to retain any copies of confidential discovery material unless such counsel represents one of the parties in this Suit or is otherwise entitled to receive and retain such copies under the terms of this Order. Nothing in this paragraph shall prevent a deponent or a deponent's counsel from having reasonable access to the deponent's deposition for purposes of executing the deposition, preparing to testify further in this Suit, or for other purposes specially agreed to by the parties.

10. Producing parties may designate discovery material produced in the form of electronic media, such as computer disks and tapes, as confidential discovery material in accordance with the provisions of this Order. Any hard copies generated from electronic media shall likewise be designated and all such copies shall be treated in the same way they would be treated under this Order if they originally had been produced in hard copy and so designated. All persons who use or review any designated electronic media or hard copies thereof shall be instructed to comply with the provisions of this Order. Any party printing hard copies from electronic media and using those hard copies outside the party's own offices shall designate the hard copies as appropriate.

11. There shall be no mass or indiscriminate labeling of documents as "CONFIDENTIAL." If any party objects to a party's or nonparty's designation of discovery material as confidential, based upon a good-faith belief that the discovery material is not entitled to such protection, counsel for the objecting person shall state the objection in writing to counsel for the designating party or nonparty. Upon receipt of the writing containing such objection, counsel for the person that designated such discovery material shall have ten (10) business days to confer with counsel for the objecting person and respond to the request and objections. If, at the end of the ten (10) business day period, the objecting and designating parties are unable to

agree on the propriety of the objected-to designation(s), the designating party may apply to the Court for an Order and shall have the burden of demonstrating that the designation was proper under the terms of this Order. If the designating party does not move within this ten (10) business day period, the designation shall be removed. Any discovery material that has been designated as confidential shall be treated as properly designated until such time as the Court rules that such discovery material should not be so treated.

12. Agreements to be bound by the Order (Exhibit A - Certification) signed by consultants and non-testifying experts of the parties of this litigation shall be deemed the work product of counsel obtaining them and shall not be disclosed unless so ordered by the Court.

13. The parties shall endeavor not to include confidential discovery material as exhibits to filings or in any filed pleading with the Court except as to the extent necessary. To the extent that any confidential discovery material filed with the Court during this Suit is desired by the filing party to be placed under seal, it shall be so filed in compliance with the provisions of Eastern District of Pennsylvania Local Rule 5.1.5.

14. Nothing herein shall be construed to prejudice any party's rights to use at trial or in any other proceedings in this Suit any confidential discovery material. If a party intends to present at trial confidential discovery material or information derived therefrom, then such party shall provide advance notice to the designating party at or before the Final Pretrial Conference by identifying the confidential discovery material at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15. Nothing herein shall be construed to affect in any way the admissibility of any evidence at trial or in any pretrial hearing or other proceedings.

16. Nothing herein shall preclude any party from asserting, if applicable, the attorney-client privilege, a claim of work product protection, or any other applicable privilege or protection as to any discovery material, or to assert any defense or objection to the use of such information at trial.

17. Any party that has designated any discovery material as confidential pursuant to this Order may consent that the confidential status of such discovery material be removed or revoke such designation by so notifying counsel for all other parties in writing or by so stating on the record at any hearing or deposition.

18. If any designation of discovery material as confidential is withdrawn voluntarily or by order of the Court, all other parties to the Suit shall be notified of such change. Nothing contained in this Protective Order shall preclude any party from using its own confidential or privileged information in any manner it sees fit, without prior consent of any party or the Court. If a producing party knowingly discloses its own confidential or privileged information in a pleading filed in the Court's public record or in a publication disseminated to the general public, the producing party shall be deemed thereby to have consented to the removal of that designation with respect to the information disclosed.

19. The inadvertent production of any confidential discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney work-product and shall not necessarily be deemed a waiver of any such privilege or protection. If, after discovery materials are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or protection, the receiving party shall return the discovery materials to the producing party, shall destroy all copies of such

materials and shall not make any use of the contested material. Notwithstanding this provision, one copy of the document may be retained to the extent necessary to challenge the designation in Court. Any such discovery material shall be treated as privileged unless the Court rules that such discovery material should not be treated as privileged.

20. Inadvertent production of any document or information without an appropriate designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the producing party from designating said document or information as confidential at a later date by complying with the provisions of this Order. Disclosure of said document or information by any party prior to such subsequent designation shall not be deemed a violation of the provisions of this Order, provided, however, that any party that disclosed the re-designated material shall make a good faith effort promptly to procure all copies of such re-designated material from any persons known to have possession of any such re-designated material who are not entitled to receive such materials under this Order, and to have all undesignated copies of such documents returned and destroyed.

21. If another court or an administrative agency subpoenas or orders production of confidential discovery material that a party has obtained under the terms of this Order, such party shall promptly notify in writing the party or other person who designated the document as confidential of the pendency of such subpoena or order.

22. This Stipulation and Order applies to all discovery material produced in this Suit, whether produced before or after the entry of this Stipulation and Order.

23. The Parties agree to provide advance notice to the designating party if any "CONFIDENTIAL" information or documents produced in discovery in this action shall be

used, or is required to be produced or is admissible, in whole or in part, in any other legal or administrative proceedings.

24. The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including and without limitation any appeals therefrom.

25. Within thirty (30) days after the conclusion of all proceedings in this Suit, whether by judgment, settlement, or otherwise, including any appeals related thereto, all "CONFIDENTIAL" documents governed by the terms of this Order and all copies of such documents not on file with the Court shall, upon written request of the producing party, be returned to counsel for the producing party or destroyed. Whether the confidential discovery information is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the confidential discovery material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the confidential discovery material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential discovery information. Any such archival copies that contain or constitute confidential discovery information remain subject to this Protective Order.

IT IS SO ORDERED.

Dated: _____June 18_____, 2020          /s/ Gerald Austin McHugh
                                             _____
                                             UNITED STATES DISTRICT COURT JUDGE

**WE SUBMIT THIS REQUEST:**

Dated: 12 June, **2020**           **Respectfully submitted,**

**JOSE ENRIQUE CASTILLO CHAIDEZ**

By: _/s/ Chelsea Edwards_

Chelsea Edwards
Nancy Rimmer
Liz Chacko
Kathryn Brown
JUSTICE AT WORK
990 Spring Garden St., Ste. 300
Philadelphia, PA 19123
cedwards@justiceatworklegalaid.org

John Grogan
Peter Leckman
LANGER, GROGAN & DIVER, PC
1717 Arch St., Suite 4020
Philadelphia, PA 19103
jgrogan@langergrogan.com

*Counsel for Plaintiff*

**CARL HEMPHILL;
KAH TRANSPORTES, LLC;
MARIANA HEMPHILL;
THREE SEASONS LANDSCAPE
CONTRACTING SERVICES, INC.;
MJC LABOR SOLUTIONS, LLC;
MJC, LP;
DELCO MULCH AND SUPPLY, LLC;
OVERBROOK PARK HOLDING CO.,
LTD.**

By: _/s/ Raymond Vanderhyden_

James H. Steigerwald
Raymond Vanderhyden
30 S 17th Street,
Philadelphia, PA 19103
JHSteigerwald@duanemorris.com
ravanderhyden@duanemorris.com

*Counsel for Defendants*

# **EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

**JOSE ENRIQUE CASTILLO CHAIDEZ,**  :
                                    :
**v.**                              :    Civil Action No. 18–1837
                                    :
**CARL HEMPHILL, ET AL.,**          :
_____

### DECLARATION OF _____ UNDER
### STIPULATED PROTECTIVE ORDER

I, _____ being duly sworn, declares as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

_____.

4. I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold all confidential discovery information disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any confidential discovery information disclosed to me for any purposes other than this case.

6. I will return all confidential discovery information that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

7. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____