IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOSE ENRIQUE CASTILLO CHAIDEZ, | : |
| Plaintiff, | : |
| v. | : |
| CARL HEMPHILL, KAH TRANSPORTES, LLC, MARIANA HEMPHILL, THREE SEASONS LANDSCAPE CONTRACTING SERVICE, INC., MJC LABOR SOLUTIONS, LLC, MJC LP, DELCO MULCH AND SUPPLY, LLC AND OVERBROOK PARK HOLDING CO., LTD, | : CIVIL ACTION : NO. 18-1837-GAM : : : : |
| Defendants. | : |

**PARTIES' JOINT STIPULATIONS OF FACT**

The Parties: Jose Enrique Castillo Chaidez ("Plaintiff"), and Carl Hemphill, KAH Transportes, LLC, Mariana Hemphill, Three Seasons Landscape Contracting Service, Inc., MJC Labor Solutions, LLC, MJC LP, Delco Mulch And Supply, LLC and Overbrook Park Holding Co., Ltd (collectively, "Defendants"), by and through their undersigned counsel, hereby stipulate to the following facts:

1. Plaintiff Jose Enrique Castillo Chaidez ("Plaintiff") is a Mexican national.

2. Plaintiff's native language is Spanish.

3. Through at least July 10, 2015, Plaintiff held a valid Class B Commercial Driver's License, which authorized him to operate a tractor-trailer in Mexico, the United States, and Canada.

4. Defendant Carl Hemphill is an individual who resides at 27 Pilgrim Road, Drexel Hill, Pennsylvania 19026.

5. Throughout 2015, Defendant Carl Hemphill's cellular telephone number was 610-656- 6474.

6. Defendant Mariana Hemphill is an individual who resides at 27 Pilgrim Road, Drexel Hill, Pennsylvania 19026.

7. Defendants Mariana Hemphill and Carl Hemphill were married at the time of the events in question and continue to be married.

8. Defendant Mariana Hemphill worked for the Consulate of Mexico in Philadelphia from May 2003 through January 2005.

9. Defendant KAH Transportes, LLC ("KAH") is a limited liability company registered in the state of Delaware, with its primary place of business at 1720 S. State Road, Upper Darby, Pennsylvania 19082. Defendant KAH was formed on December 9, 2013.

10. Defendant Carl Hemphill is the owner, sole member and officer of Defendant KAH, and he makes all decisions regarding its governance.

11. Defendant KAH was certified by the Department of Labor to fill three truck driver positions through the H-2B visa program between March and December 2015 ("the 2015 season").

12. Pursuant to the approved H-2B Application for Temporary Employment Certification for Defendant KAH in the 2015 season, Plaintiff was hired for the position of Tractor-Trailer Truck Driver. The SOC (ONET/OES) code identified on the application was 53-3032 and the occupation title was Heavy and Tractor-Trailer Truck Drivers.

13. Carl Hemphill, acting on behalf of Defendant MJC Labor Solutions, LLC, recruited H-2B employees for KAH through the Servicio Nacional de Empleo de Sinaloa,

México (National Employment Service of Sinaloa, Mexico) for the 2015 season, including Plaintiff.

14. Defendant Overbrook Park Holding Co. provided housing to H-2B employees during the 2015 season, including Plaintiff.

15. Defendant Three Seasons Landscape Contracting Services, Inc. ("Three Seasons") is a business corporation registered in the Commonwealth of Pennsylvania, with its primary place of business at 1720 S. State Road, Upper Darby, Pennsylvania 19082, and a registered mailing address of 27 Pilgrim Lane, Drexel Hill, Pennsylvania 19026. Defendant Three Seasons was incorporated on November 30, 2012.

16. Defendant Mariana Hemphill is the owner of Defendant Three Seasons. Defendant Carl Hemphill is the President of Three Seasons. Defendant Carl Hemphill and Defendant Mariana Hemphill jointly manage and control the operations of Defendant Three Seasons.

17. Defendant Three Seasons does not maintain minutes of corporate officer meetings.

18. Defendant Three Seasons was certified by the Department of Labor to fill 44 landscaping positions through the H-2B visa program for the 2015 season.

19. Defendant MJC Labor Solutions, LLC ("MJC Labor Solutions"), is registered in the Commonwealth of Pennsylvania as a Limited Liability Company with a registered office address of 1720 S. State Road, Upper Darby, Pennsylvania 19082. Defendant MJC Labor Solutions was formed on March 4, 2004.

20. Defendant Carl Hemphill is the owner and sole member of Defendant MJC Labor Solutions and makes all decisions regarding its governance.

21. Defendant Delco Mulch and Supply, LLC ("Delco Mulch") is a limited liability company registered in the Commonwealth of Pennsylvania with a registered office address of 1720 S. State Road, Upper Darby, Pennsylvania 19082. Defendant Delco Mulch was formed on February 24, 2010.

22. Defendant Carl Hemphill is the sole owner and officer in Defendant Delco Mulch and makes all decisions regarding its governance.

23. Defendant Delco Mulch had no employees in 2015.

24. Defendant Overbrook Park Holding Company, Ltd. ("Overbrook") is a limited liability company registered in the Commonwealth of Pennsylvania with a registered office address of 1720 S. State Road, Upper Darby, Pennsylvania 19082. Defendant Overbrook was formed on March 4, 2004.

25. Defendant Carl Hemphill and Michael Hemphill were equal partners in Defendant Overbrook in 2015.

26. Defendant Overbrook does not maintain minutes of corporate officer meetings.

27. Defendant Carl Hemphill and Michael Hemphill conducted business on behalf of Defendant Overbrook at the office building located at 1720 S. State Road, Upper Darby, Pennsylvania 19082 in 2015.

28. Defendant Overbrook owns the property at 6335 Vine Street, Philadelphia, Pennsylvania 19139 ("6335 Vine Street").

29. The property at 6335 Vine Street is a three-story twin home with residential rental units.

30. In 2015, Defendant Overbrook's only source of income was rental income from the property at 6335 Vine Street.

31. Defendants charged each tenant at 6335 Vine Street $250 per month for rent during the 2015 H-2B season.

32. A total of $850.08 was deducted from Plaintiff's paychecks for rent at 6335 Vine Street.

33. Payments were made to Defendant Overbrook as rent for Plaintiff in 2015.

34. Michael Hemphill was the Overbrook General Manager responsible for managing the residential property at 6335 Vine Street throughout 2015.

35. Michael Hemphill was incarcerated from September 30, 2014, through June 22, 2015.

36. Michael Hemphill did not make any records of any maintenance work he performed at 6335 Vine Street from 2014 through 2016.

37. No records currently exist of maintenance performed at 6335 Vine Street in 2015 by Michael Hemphill or anyone else.

38. Defendant Overbrook had no contracts for extermination services at 6335 Vine Street in 2014 or 2015.

39. Defendant MJC, LP is a limited partnership registered in the Commonwealth of Pennsylvania with a registered office address of 1720 S. State Road, Upper Darby, Pennsylvania 19082. Defendant MJC, LP was formed on October 1, 2004.

40. Defendant Carl Hemphill and Michael Hemphill have equal ownership interests in Defendant MJC, LP.

41. Defendant MJC, LP owns the property located at 1720 S. State Road, Upper Darby, Pennsylvania 19082.

42. During the 2015 season, Gabriela Orozco was an administrator employed by Defendant Three Seasons to perform tasks such as paying bills, reconciling bank statements, preparing payroll, and engaging in customer service. She also performed administrative work for Defendants KAH, MJC Labor Solutions, Delco Mulch, and MJC, LP.

43. Immediately before starting work for Defendants in 2007, Gabriela Orozco was employed by the Consulate of Mexico in Philadelphia.

44. Defendant Carl Hemphill uses the email address CarlHemphillMJC@yahoo.com for his work on behalf of Defendant MJC Labor Solutions.

45. Defendants Carl and Mariana Hemphill are signatories for the bank and credit card accounts for Defendant MJC Labor Solutions.

46. The H-2B Temporary Non-Agricultural Worker program ("H-2B Program") is a visa program available to U.S. employers seeking to fill temporary, unskilled positions in industries other than agriculture when those employers contend that they cannot find qualified U.S. workers for the positions.

47. The Department of Labor sets prevailing wage rates for particular job classifications that may be filled under the H-2B Program.

48. An employer wishing to hire workers through the H-2B Program must submit an Application for Temporary Employment Certification providing the specific job classification for the position the employer seeks to fill, as well as the duties and hours of labor the foreign worker will be asked to perform.

49. If an Application for Temporary Labor Certification is approved, the employer may petition the United States Citizenship and Immigration Services (USCIS) for H-2B visas to bring in workers from abroad to work in the specific positions outlined by the labor certification.

50. Defendant Carl Hemphill made all decisions about what information to include on each Application for Temporary Employment Certification submitted to the Department of Labor on behalf of Defendants KAH, Three Seasons, and MJC Labor Solutions for the 2015 season.

51. Upon approval by USCIS, the employer or its agents recruit prospective H-2B workers who are outside of the United States.

52. The recruited workers then apply for the H-2B visa at a U.S. embassy or consulate abroad.

53. The visa application process requires the payment of a visa fee.

54. The worker attends an interview at the embassy or consulate.

55. If approved, the U.S. Department of State issues the H-2B visa to the worker.

56. After the visa is issued, the worker may then travel to the United States and seek admission into the country pursuant to the H-2B visa at a designated port of entry.

57. The H-2B visa issued to the worker lists the duration for which the visa is valid and lists the name of the sponsoring employer.

58. Pursuant to the H-2B Program rules, the exclusive purpose of the worker's stay in the United States is to work for the sponsoring employer in the position certified by the Department of Labor for the time period authorized by the visa.

59. An H-2B worker is not authorized to perform work outside the scope of the job certification.

60. An H-2B worker is not authorized to perform work for any employer aside from the sponsoring employer.

61. Defendant Carl Hemphill participated in the hiring of workers from Mexico, Guatemala, and El Salvador through the H-2B program.

62. Defendants Carl Hemphill and MJC Labor Solutions were previously involved in litigation regarding rental housing fees and expenses charged to H-2B workers, which resulted in a Consent Order for Injunctive Relief entered by the federal district court for the Eastern District of Pennsylvania in *Fuentes, et al. v. MJC Labor Solutions, et al.*, No. 2:07-cv-00980-RBS (E.D. Pa., Docket 51, November 3, 2009).

63. Defendants Carl Hemphill, Mariana Hemphill, Three Seasons, and MJC Labor Solutions were previously involved in litigation presenting wage claims by a class of H-2B workers. The federal district court for the Eastern District of Pennsylvania ordered its approval of a proposed class settlement agreement in that case. *See Urrutia, et al. v. Three Seasons Landscape Contracting Service, Inc., et al.*, No. 2:15-cv-06416-TR (E.D. Pa., Docket 61, April 27, 2018).

64. In February 2015, Defendant Carl Hemphill conducted a job interview with Plaintiff at the Servicio Nacional de Empleo de Sinaloa, México (National Employment Service of Sinaloa, Mexico).

65. Defendant Carl Hemphill offered a position as a tractor-trailer truck driver to Plaintiff, and Plaintiff accepted.

66. On February 18, 2015, at the offices of the Servicio Nacional de Empleo de Sinaloa, México (National Employment Service of Sinaloa, Mexico), Defendant Carl Hemphill presented Plaintiff with each of the following contracts:

   a. Contrato de Trabajo ("Employment Contract") (KAH000024–27);
   b. Contrato de Arendamiento de Espacio y Derecho a Uso Facilidad en Comuncon Otros ("Lease of Space Contract and Right to Use Facility in Common with Others") (Overbrook000005–7);
   c. Anexo al Contrato de Renta ("Annex to Lease Agreement") (Overbrook000008–9);

      d. Autorizacion de Deduccion de Salario para la Renta ("Authorization of Deduction of Salary for Rent")  (Overbrook000010);

      e. Acuerdo de Confidencialidad ("Confidentiality Agreement") (KAH000028–30); and

      f. Untitled document beginning "Como ustedes saben…" ("As you all know…") (CH000033).

67. Defendant Carl Hemphill was present at the time Plaintiff signed the contracts.

68. On March 10, 2015, Plaintiff was issued an H-2B visa to work as a truck driver for Defendant KAH.  The visa was valid from March 10, 2015 until December 23, 2015.

69. Plaintiff entered the United States for the first time on April 19, 2015 pursuant to an H-2B temporary work visa authorizing him to work as a truck driver for Defendant KAH.

70. Plaintiff entered the United States with Jaime Enrique Jimenez Fernandez, who was also admitted to the United States on April 19, 2015 pursuant to an H-2B temporary visa to work for Defendant KAH.

71. Defendant Carl Hemphill offered Plaintiff housing.

72. Defendant Carl Hemphill drove Plaintiff to 6335 Vine Street on April 19, 2015.

73. Arnaldo Asencio worked as an independent contractor truck driver for Defendant KAH during the 2015 season.

74. Per the terms of his H-2B visa, Plaintiff was only authorized to work as a truck driver for Defendant KAH while in the United States.  He was not authorized to perform work outside the scope of his job duties as a truck driver or to perform work for any other entity except Defendant KAH.

75. Defendants deducted a total of $488.46 from Plaintiff's paychecks as reimbursement for the cost of Plaintiff's airplane tickets from Mexico to the United States.

76. On Friday, July 10, 2015, Plaintiff went to 1720 S. State Road and requested his paycheck for pay period June 18 to July 1, 2015.

77. On Friday, July 10, 2015, Carl Hemphill called for the police to come to 1720 S. State Road.

78. On July 10, 2015, Plaintiff was charged in Magisterial District Court in Delaware County with Terroristic Threats, 18 Pa.C.S. § 2706(a)(1) and Criminal Trespass, 18 Pa.C.S. § 3503 (b.1)(i).

79. On October 14, 2015, the charge of Terroristic Threats against Plaintiff was withdrawn.

80. On November 12, 2015, the charge of Criminal Trespass, 18 Pa.C.S. § 3503 (b)(1)(i), was transferred to the Court of Common Pleas in Delaware County.

81. On March 16, 2016, Plaintiff was ordered by the Court of Common Pleas to complete the Accelerated Rehabilitative Disposition (ARD) program, including undergoing a web-based supervision program monitored by the Office of Adult Probation and Parole for one year, performing thirty-two hours of community service, and paying court costs and restitution.

82. Plaintiff completed the ARD program.

83. Friends of Farmworkers represented Plaintiff Jose Enrique Castillo Chaidez in his application for T nonimmigrant Status.

84. T nonimmigrants who qualify may also be able to adjust their status and become lawful permanent residents (obtain a Green Card).

85. Plaintiff Jose Enrique Castillo Chaidez was issued a T-visa.

86. Plaintiff voluntarily applied for T nonimmigrant status.

87. Defendants Exhibit 113 (bates numbers Plaintiff 000107-115) is a true and correct copy of the I-914 application form for T nonimmigrant status prepared by Kathryn Brown on behalf of Plaintiff Jose Enrique Castillo Chaidez.

88. The document produced by Plaintiff and labeled Plaintiff 000402 is a true and correct copy of the Salvation Army client referral form prepared by Kathryn Brown on behalf of Plaintiff Jose Enrique Castillo Chaidez.

89. The document produced by Plaintiff and labeled Plaintiff 000404-405 is a true and correct copy of the Nationalities Service Center Victims of Trafficking program screening and referral form prepared by Kathryn Brown on behalf of Plaintiff Jose Enrique Castillo Chaidez.

90. On July 9, 2015, Plaintiff Jose Enrique Castillo Chaidez called the National Human Trafficking Hotline and identified himself as a victim of human trafficking.

91. Plaintiff Jose Enrique Castillo Chaidez and Defendant Carl Hemphill signed a document entitled "Mutual Release Between Parties."

92. Plaintiff Jose Enrique Castillo Chaidez was represented by attorney Wayne Sachs at the time he signed the document entitled "Mutual Release Between Parties."

93. When the Delaware Court of Common Pleas placed Plaintiff Jose Enrique Castillo Chaidez in the ARD program and ordered him to perform community service, the only criminal charge against him was Criminal Trespass: Defiant Trespass, 18 § 3503 (b)(1)(i).

94. The exchange rate on February 19, 2015 was approximately $1 Mexican peso = $.0667 US dollars.  At that time, $1000 Mexican pesos = $66.70 US dollars.

95. The parties stipulate to the admission of Exhibit 110 (bates number Plaintiff 00093-102) into evidence.

96. The parties stipulate to the admission of Exhibit 111 (bates number Plaintiff 000127-137) into evidence.

97. The parties stipulate to the admission of Exhibit 112 (bates number Plaintiff 000507-509) into evidence.

98. The parties stipulate to the admission of Exhibit 113 (bates number Plaintiff 000107-115) into evidence.

99. The parties stipulate to the admission of Exhibit 114 (bates number Plaintiff 000398-408) into evidence.

100. The parties stipulate to the admission of Exhibit 121 (bates number Plaintiff 000500-01) into evidence.

101. The parties stipulate to the admission of Exhibit 122 (bates number Plaintiff 000092) into evidence.

Respectfully submitted,

/s/ *Chelsea Edwards*_____
Chelsea Edwards, Esq.
Nancy Rimmer, Esq.
Kathryn Brown, Esq.
Liz Chacko, Esq.
JUSTICE AT WORK
990 Spring Garden St., Ste. 300
Philadelphia, PA 19123
(215) 733-0878

John Grogan, Esq.
Peter Leckman, Esq.
LANGER, GROGAN & DIVER, P.C.
1717 Arch St., Ste. 4020
Philadelphia, PA 19103
215-320-5660

*Attorneys for Plaintiff*

/s/*James H. Steigerwald*
James H. Steigerwald (82469)
Raymond Vanderhyden (326306)
DUANE MORRIS LLP
JHSteigerwald@duanemorris.com
ravanderhyden@duanemorris.com
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: 1-215-979-1145/1865


*Attorneys for Defendants*