# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE ENRIQUE CASTILLO CHAIDEZ,** : | | |
| Plaintiff : | **CIVIL ACTION** | |
| v. : | **No. 18-1837** | |
| : | | |
| **CARL HEMPHILL, ET AL.** : | | |
| Defendants : | | |

**McHUGH, J.**                                                                                                                    **July 1, 2021**

## MEMORANDUM

After presentation of evidence at a four-day non-jury trial, but before the parties' final submissions and closing arguments, Plaintiff has moved to amend the Complaint to conform the pleadings to the evidence. Specifically, Plaintiff seeks to raise a claim of negligent misrepresentation. *See* ECF 82.

Under Fed. R. Civ. P. 15(b)(2), "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." It appears that the lead case as to this issue within the Third Circuit continues to be *Douglas v. Owens*, 50 F.3d 1226 (3d Cir. 1995). There, the Court of Appeals held that in determining whether an issue was tried with implied consent, a district court must consider "whether the parties recognized that the unpleaded issue entered the case at trial, whether the evidence that supports the unpleaded issue was introduced at trial without objection, and whether a finding of trial by consent prejudiced the opposing party's opportunity to respond." *Id.* at 1236. In an earlier decision, *Evans Prods. Co. v. W. Am. Ins. Co.*, the Circuit identified prejudice as the preeminent factor: "whether the opposing party was denied a fair opportunity to defend and to offer additional evidence on that different theory." 736 F.2d 920, 924 (3d Cir. 1984).

As I view the record, factual issues relevant to such a claim were the subject of stipulations. Testimony and other evidence relevant to such a claim were presented by both parties, with no objections raised as to scope or relevance.

Defendants rightly observe that in resolving a related case pertaining to insurance coverage, I specifically found that Plaintiff had not pleaded misrepresentation concerning his start date and compensation. But that is beside the point, as the concern now is whether it was nonetheless tried as an issue of fact during the presentation of evidence.

The issue of notice as framed by *Douglas* is a close one, but given the extent of the evidence presented, I am persuaded that Defendants would have realized that the scope of the Plaintiff's claim had expanded.

With respect to prejudice, the issue of damages for the claim is in no way complex. I am persuaded that Defendants have sufficient evidence within the record, and had sufficient evidence given the scope of pretrial discovery, to address damages in an effective way. In that regard, Defendants retain the right to supplement the record with additional submissions and argument, and given that Plaintiff has the burden of proof, gaps in the record will be to his detriment.

For these reasons, Plaintiff's motion will be granted.

    /s/ Gerald Austin McHugh
United States District Judge